RECEIVED
APR 28 2015
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| GEORGE ANDREW PRESTON | DOCKET NO: 15-CV-583; SEC. P |
| VERSUS | JUDGE DRELL |
| LOUISIANA DEPARTMENT OF CORRECTIONS, ET AL. | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint (42 U.S.C. §1983) of Plaintiff George Andrew Preston, filed *in forma pauperis*. Plaintiff is incarcerated at the Avoyelles Correctional Center ("AVC") in Cottonport, Louisiana. He complains of the loss of his personal property at AVC.

This matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 626 and a standing order of this Court.

### *Factual Allegations*

Plaintiff alleges that he was placed on lock-down after contraband was discovered in his possession. The defendants left Plaintiff's personal property on the tier and unguarded. Approximately one week later, Plaintiff was notified by Captain Easterling that his property was lost and could not be found. Plaintiff claims that he is unable to appeal his criminal conviction now because his trial transcript is among his lost possessions.

*Law and Analysis*

1. **Due Process**

Plaintiff seeks damages for his lost property. The Due Process Clause of the Fourteenth Amendment provides "nor shall any State deprive any person of ... property, without due process of law." U.S. Constitution, Amendment XIV. However, under the Parratt/Hudson doctrine, a state actor's random and unauthorized deprivation of a plaintiff's property does not result in a violation of procedural due process rights if the state provides an adequate post-deprivation remedy. See <u>Parratt v. Taylor</u>, 451 U.S. 527, 544 (1981); <u>Hudson v. Palmer</u>, 468 U.S. 517 (1984). Even in instances where an intentional deprivation occurs, if an adequate state post-deprivation remedy is available, the Due Process Clause is not implicated. <u>Hudson v. Palmer</u>, 468 U.S. 517 (1984).

Louisiana law provides Plaintiff the opportunity to seek redress for either the negligence of prison officials or an intentional tort committed by other inmates. La. Civil Code, Article 2315. This provision of state law, which is the general tort provision of Louisiana's Civil Code, provides all the process that is required, and thus, the Fourteenth Amendment is not implicated. <u>See</u> <u>Charbonnet v. Lee</u>, 951 F.2d 638 (5th Cir.), *cert. denied*, 505 U.S. 1205 (1992). Plaintiff's claim regarding lost property is clearly barred by the Parratt/Hudson doctrine.

2.  Access to Courts

To the extent that plaintiff complains that he cannot appeal his conviction because his trial transcript was lost, this claim also fails. Under the Supreme Court's decision in <u>Bounds v. Smith</u>, 430 U.S. 817, 821 (1977), prisoners possess a constitutional right of access to courts, including having the "ability ... to prepare and transmit a necessary legal document to court." <u>Eason v. Thaler</u>, 73 F.3d 1322, 1328 (5th Cir. 1996)(quoting <u>Brewer v. Wilkinson</u>, 3 F.3d 816, 821 (5th Cir. 1993), cert. denied, 510 U.S. 1123 (1994)). The right of access to the courts is limited to allowing prisoners the opportunity to file non-frivolous claims challenging their convictions or conditions of confinement. <u>Jones v. Greninger</u>, 188 F.3d 322, 325 (5th Cir. 1999). Interference with a prisoner's right to access to the courts may result in a constitutional deprivation. <u>Chriceol v. Phillips</u>, 169 F.3d 313, 317 (5th Cir. 1999)(citations omitted). However, "[a] denial of access to the courts claim is not valid if a litigant's position is not prejudiced by the alleged violation." <u>Ruiz v. United States</u>, 160 F.3d 273, 275 (5th Cir. 1998); <u>Henthorn v. Swinson</u>, 955 F.2d 351, 354 (5th Cir. 1992), *cert. denied*, 504 U.S. 988 (1992)(citing <u>Richardson v. McDonnell</u>, 841 F.2d 120, 122 (5th Cir. 1988)). It is only when a prisoner suffers some sort of **actual prejudice** or detriment because of the alleged denial of access to the courts that the allegation becomes one of a constitutional nature. <u>Walker

<u>v. Navarro County Jail</u>, 4 F.3d 410, 413 (5th Cir. 1993).

First, Plaintiff has not alleged that he has been prevented by the defendants from filing a criminal appeal. In fact, Plaintiff has not even attempted to appeal his conviction yet. Thus, he cannot show actual prejudice. He has alleged no facts to support a conclusion that his criminal conviction would be reversed if he had the missing documents.

*Conclusion*

For the forgoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED AND DISMISSED with prejudice** as frivolous and for failing to state a claim for which relief can be granted pursuant to 28 U.S.C. §1915(e)(2)(b) and 1915A.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 28th day of April, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE